*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9420-GHK (SSx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | *Anahita Lazaryan v. Equable Ascent Financial, LLC* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers)** Order to Show Cause

On December 8, 2010, Defendant Equable Ascent Financial, LLC ("Defendant") removed the above-titled action to this Court. The Notice of Removal states that we have federal question jurisdiction because the complaint arises under the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA").

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). We have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal quotation omitted). Under the "well-pleaded complaint" rule, a plaintiff is considered the master of his complaint and may ignore a federal claim and assert only a state claim in order to defeat removal. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Therefore, "a defense is not part of a plaintiff's properly pleaded statement of his or her claim" and "the federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Dynergy, Inc.*, 367 F.3d at 838 (internal quotation omitted).

Defendant attached the state court complaint, filed in small claims court, to its Notice of Removal. Plaintiff Anahita Lazaryan's ("Plaintiff") allegations do not mention any specific legal provisions. Plaintiff's allegations state: "Equable Ascent Financial did not validate their alleged debts as required by law. [N]or did it respond to the Plaintiff's request at all. Defendant disregarded all laws and their obligations and continues to furnish these invalid accounts to the CRAs." (Plaintiff's Claim and ORDER to Go to Small Claims Court ¶ 3). This paragraph is the basis for Defendant invoking federal question jurisdiction based on the FDCPA and FCRA. Defendant, however, has not shown that a federal claim based on the FDCPA or FCRA is apparent from Plaintiff's allegations. To the extent

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9420-GHK (SSx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | *Anahita Lazaryan v. Equable Ascent Financial, LLC* | | |

that Defendant is seeking to invoke federal question jurisdiction based on federal laws' complete preemption of this area, it is directed to *Ortega v. HomeQ Servicing*, No. CV 09-02130 MMM (DTBx), 2010 WL 383368, at *5 (C.D. Cal. Jan. 25, 2010) (finding that the FDCPA does not completely preempt state law) and *Schrieber v. Siemons*, No. C07-02467 MJJ, 2007 WL 2344885, at *2 (N.D. Cal. Aug. 14, 2007) ("While 'complete preemption' would operate to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the state court complaint, here the parties concede that the FCRA does not 'completely preempt' state law.").

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Therefore, Defendant is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS**, as to why this matter should not be remanded because this Court lacks subject matter jurisdiction. Defendant's failure to timely and adequately show cause as required herein shall be deemed Defendant's admission that this Court lacks subject matter jurisdiction. In that event, this action shall be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

  :  

Initials of Deputy Clerk   IR for Bea